1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

Barry Rashad Harris,

　　　Defendant

v.

State of Nevada,

　　　Plaintiff

Case No.: 2:24-cr-00200-JAD-EJY

**Order Remanding State Criminal Prosecution under 28 U.S.C. § 1455, Denying Motion to Proceed In Forma Pauperis, and Closing Case**

[ECF No. 2]

9     Barry Rashad Harris is a criminal defendant in a pending state-court case in the Las

10 Vegas Township Justice Court and is currently awaiting trial on one felony count of "battery by

11 prisoner."[1]  He is incarcerated at High Desert State Prison following a 2018 conviction for first-

12 degree kidnapping.[2]  In August 2024, Harris initiated this action by filing a "notice of removal"

13 under 28 U.S.C. § 1455 and Federal Rule of Civil Procedure 11.[3]  The case was opened as a

14 civil-rights action, but because § 1455 governs the procedure for removal of a state criminal case

15 to federal court, I closed Harris's civil case and reopened it as a criminal one.[4]  I now assess

16 whether Harris properly invokes § 1455's removal power, find that he does not, and remand this

17 case back to state court.

18

19

---

20 [1] *See State of Nevada v. Harris*, Case No. 23-CR-057068 (Las Vegas Justice Township Court).  I
take judicial notice of the public docket in Harris's state-court case, which can be found through
21 the criminal-case search at lasvegasjusticecourt.us.

22 [2] I also take judicial notice of Harris's inmate records, available through the Nevada Department
of Corrections' website.

23 [3] ECF No. 1-1.

[4] ECF No. 3 in *Harris v. State of Nevada*, Case No. 2:24-cv-01533-JAD-EJY (D. Nev).

**A.      Harris's removal notice isn't timely.**

Section 1455 permits a defendant "desiring to remove any criminal prosecution from a [s]tate court" to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed [in accordance with] Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action.[5]  That removal notice must be filed "not later than 30 days after the arraignment in the [s]tate court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."[6]  The statute directs the United States district court to "examine the notice promptly" and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits" attached "that removal should not be permitted."[7]

Harris's state-court records reflect that he had his initial appearance and arraignment on September 6, 2023.  His case was temporarily "bound over" to the Eighth Judicial District Court for a competency evaluation and was eventually remanded to the justice court for further proceedings.  Harris is currently awaiting his preliminary hearing, which is set for October 14, 2024.[8]  Under § 1455, Harris should have filed this notice of removal 30 days after his arraignment, which occurred almost a year ago.  And Harris doesn't present any circumstances that would constitute good cause for his delay in removing this case.

---

[5] 28 U.S.C. § 1455(a).

[6] *Id.* at § 1455(b)(1).

[7] *Id.* at § 1455(b)(4).

[8] *See State of Nevada v. Harris*, Case No. 23-CR-057068.

**B.     Harris doesn't satisfy any statutory grounds for removal.**

Even if Harris timely filed his notice of removal, he identifies no statutory grounds supporting his ability to remove this state-court prosecution to federal court.  Section 1455 merely establishes the procedure to remove a criminal case from state court.  In addition to complying with that section's procedural requirements, Harris must also show that he meets one of the statutory grounds for removal.  The only possible statutory hook for Harris appears to be § 1443, which permits removal of a state criminal prosecution that is pending "against any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States . . . for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with this law."[9]

This is a narrow statute that permits removal only if "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality."[10]  "Bad experiences with the particular court in question will not suffice."[11]  Nor will general allegations that the state court violated the defendant's due-process rights or "that

---

[9] 28 U.S.C. § 1443(1)–(2).  The other options, §§ 1442 and 1442(a), apply only to actions against officers of the United States and members of the armed forces if the criminal charges are related to their official duties.  Harris has not identified himself as an officer of the United States or a soldier, and even if he did, his charge of battery against a prison official clearly doesn't fall within the "official duties" of any such officer.  So I focus only on the potential applicability of § 1443.

[10] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

[11] *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam) (cleaned up).

3

the defendant is unable to obtain a fair trial in a particular state court."[12]  Instead, "the denial of a [defendant's] equal civil rights must be 'manifest in a formal expression of state law.'"[13]

Harris alleges in his removal notice that state court is not the proper venue to "address commercial law" that he believes is part of his criminal case, and argues that he is being "treated . . . unfairly in the lower state court" in violation of his due-process rights.[14]  He also contends that his Sixth Amendment "right to self-representation [was] taken away from him."[15]  None of these allegations support removal under § 1443 or any other statute.  That Harris believes he is being treated unfairly or that the state court is not applying the law he believes it should apply does not show that a state law has denied him a specific right meant to ensure racial equality.  So I summarily remand this case back to state court under § 1455(b)(4).

**Conclusion**

IT IS THEREFORE ORDERED that **this case is REMANDED to state court**.  The Clerk of Court is directed to send a copy of this order to the Las Vegas Township Justice Court, with reference to Case No: 23-CR-057068, and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Harris's motion to proceed in forma pauperis **[ECF No. 2] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
September 16, 2024

---

[12] *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).

[13] *Inland Valley Dev. Agency v. Patel*, 116 F. App'x 98, at *1 (9th Cir. 2004) (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)).

[14] ECF No. 1-1 at 2–3.

[15] *Id.* at 4.